UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MINERVA SEVILLA                                   CIVIL ACTION

VERSUS                                            21-1524

KIRKLAND'S, INC., ET AL.                          SECTION: "J" (2)

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 8)** filed by Defendant, Kirkland's Inc. ("Kirkland's); an opposition (Rec. Doc. 12) filed by Plaintiff, Minerva Sevilla; and a reply (Rec. Doc. 15) filed by Defendant. Having considered the motion, legal memoranda, record, and applicable law, the Court finds that the motion should be denied.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's alleged trip and fall at one of Kirkland's stores. Plaintiff alleges that, when exiting the store with her husband, she tripped over a flat cart. A flat cart is a cart that is four (4) feet long, two (2) feet wide, and nine (9) inches off the ground with a thirty-two (32) inch silver handle extending vertically from its base. Kirkland's uses these carts for its curbside pickup program, enacted in response to COVID-19. Kirkland's employee Taylor Haydel, after completing a curbside pickup, placed a flat cart in front of a display case so that she could check out a customer waiting at her register. Plaintiff alleges that while the flat cart was in front of the display case, she tripped over it and fell to the ground. This alleged incident, Plaintiff claims, has caused her severe personal and bodily injuries.

1

Plaintiff filed this suit in the Twenty-Second Judicial District Court of St. Tammany, and Defendant properly removed it to this Court. Defendant subsequently filed this instant motion for summary judgment.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out

specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Here, Defendant argues that (1) the flat cart is an open and obvious condition that is not unreasonably dangerous; and (2) Plaintiff cannot prove that the flat cart caused her fall. (Rec. Doc. 8-1, at 2). In opposition, Plaintiff contends that (1) the flat cart constitutes an unreasonably dangerous hazard under the Louisiana Merchant Liability statute (Rec. Doc. 12, at 2); and (2) Plaintiff tripped over the flat cart as she exited the store, *id.* at 5.

This case is governed by substantive Louisiana law, specifically, the Louisiana Merchant Liability Act, La. Stat. Ann. § 9:2800.6 ("the Act"). The Act provides that "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." That duty "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Stat. Ann. § 9:2800.6. Further, the claimant has the burden of proving the elements of his negligence claim in addition to the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care.

*Id.*

I.   UNREASONABLE RISK OF HARM

To determine whether the condition presented an unreasonable risk of harm, the Louisiana Supreme Court has adopted a four factor risk-utility balancing test: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Bufkin v. Felipe's La., L.L.C.*, 171 So.3d 851, 856 (La. 2014). The second factor of the balancing test – the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition – is at issue here.

This second factor "focuses on whether the dangerous or defective condition is obvious and apparent." *Broussard v. State ex rel. Office of State Bldgs.*, 113 So. 3d 175, 184 (La. 2013). If the defective condition is obvious and apparent, a defendant generally does not have a duty to protect against it. *Bufkin*, 171 So. 3d at 856. To be considered open and obvious, the hazard must "be one that is open and obvious to all, i.e., everyone who may potentially encounter it." *Broussard*, 113 So. 3d at 184. "The open and obvious inquiry . . . focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge." *Id.* at 188. Further, the Louisiana Supreme Court has "clarified that[, where a defect is open and obvious,] the application of the risk-utility balancing test is not necessary at the summary judgment stage." *Butler*

4

*v. Int'l Paper Co.*, 636 F. App'x 216, 219 (5th Cir. 2016) (citing *Allen v. Lockwood*, 156 So. 3d 650, 651 (La. 2015)).

However, "[c]ourts applying Louisiana law have almost uniformly concluded that an otherwise-visible obstacle that protrudes outward near ground level is not—at least as a matter of law—an 'open and obvious' hazard." *Ray v. Stage Stores, Inc.*, 640 F. App'x 322, 324–25 (5th Cir. 2016)[1]. Moreover, "[t]rip and fall cases in which courts have denied summary judgment generally involve customers tripping on objects located on the floor or low to the ground." *Glenn v. Fam. Dollar Stores of La., Inc.*, No. CV 18-0041, 2018 WL 5260044, at *4 (W.D. La. Oct. 22, 2018). In coming to this conclusion, courts have reasoned that "'a shopper's attention is usually directed to merchandise, not the floor[, and] [a]s a result, '[s]omething on the floor which may cause a shopper to trip and fall when her attention is directed toward her purchases is a hazard.'" *Id.* (quoting *Broussard v. Fam. Dollar Store,* 918 So. 2d 1148, 1151 (La. Ct. App. 3 Cir. 2005)) (alterations in original). As one court noted, "a customer is not expected to keep her eyes on the floor of a store as she walks through . . . ." *Jones v. Arch Ins. Co.*, No. CIV. A. 12-2029, 2013 WL 5441354, at *4 (W.D. La. Sept. 27, 2013).

In *Jones v. Arch Insurance Co.*, the court concluded that summary judgment was not appropriate because a jury could find that a low shelf on an end cap display

---

[1] *Nunez v. Dolgencorp, LLC*, No. 2:12–CV–630–PM–KK, 2013 WL 2458736, at *9–10 (W.D. La. June 6, 2013) (concluding that a jury could find that a wooden clothing rack was not an "open and obvious" hazard "because the base support for the rack jutted out several inches into the aisle way"); *Johnson v. Cato Corp.*, No. 12–25, 2012 WL 4959623, at *4 (M.D. La. Oct. 17, 2012) (concluding that a jury could find that a clothing rack was not an "open and obvious" hazard because "placing a [clothing] rack in the entrance way to a dressing room where the foot of that rack allegedly protrudes could be said to be a dangerous condition"); *Latter v. Sears Roebuck & Co.*, No. Civ. A. 03–1167, 2004 WL 242479, at *3–4 (E.D. La. Feb. 5, 2004) (finding, in a bench trial, that a folding table "protruding into the passageway" with "flared legs" created "an unreasonable risk of harm").

was not an "open and obvious" hazard. *Id*. Specifically, the court reasoned that "the end cap display may have been open and obvious, but the low shelf, which was six inches off the ground, may not have been open and obvious." *Id*. Conversely, in *Chatman v. Home Depot USA, Inc.,* the Fifth Circuit reasoned that summary judgment was appropriate after the plaintiff tripped over a flat cart because the flat cart was bright orange and two-and-a-half (2 ½) feet in height. 355 F. App'x 842, 843 (5th Cir. 2009). Here, like the low shelf in *Jones* that was six inches off the ground, the flat cart that Plaintiff alleges she tripped over was nine inches off the ground. Further, unlike the flat cart in *Chatman* that was both bright orange and two-and-a-half feet off the ground, the flat cart here was not painted a bright color and it was, as stated immediately above, only nine inches off the ground. Therefore, the flat cart at issue here is more akin to the low shelf in *Jones* than the flat cart in *Chatman*.

Finally, the reasoning that courts have relied upon in concluding that protrusions near the ground are not, as a matter of law, open and obvious, directly applies to Plaintiff here. Plaintiff stated in her deposition that she was not paying attention, but, instead, she was "look[ing] at the pretty things they have, but I am not paying attention." (Rec. Doc. 8-5, at 19). Plaintiff avers that she is not responsible for being distracted by "the pretty things" because Defendant intentionally placed its merchandise up until the exit door. (Rec. Doc. 12, at 12). Plaintiff was doing exactly what courts have reasoned that shoppers do: focusing her attention on merchandise. In reply, Defendant argues that this is not a "distracted shopper" case because Plaintiff was finished her shopping experience, and she was not looking at

6

merchandise when she fell. (Rec. Doc. 15, at 4). Defendant directs the Court's attention to the video and avers that Plaintiff is not looking at merchandise, but exiting the store, when she fell. *Id.* at 4–5. After reviewing Plaintiff's deposition and the video of her fall, the Court finds there is a genuine issue of material fact as to what Plaintiff's attention was directed at when she fell. Moreover, because of the nature and height of the flat cart at issue here, it cannot, as a matter of law, be open and obvious.

## II.   CAUSATION

Next, Defendant asserts that Plaintiff caught her foot on the carpet underneath the flat cart, not the flat cart itself. (Rec. Doc. 8-1, at 2). Specifically, Defendant contends that Plaintiff started tripping in the middle of the flat cart where there is no wheel. *Id.* at 5. In her deposition, Plaintiff stated that she did not know if her foot went under the flat cart or if her foot hit the cart. (Rec. Doc. 8-5, at 15–16). Moreover, Defendant argues that the video does not show that Plaintiff's body made contact with the flat cart before her fall. (Rec. Doc. 8-1, at 5). In opposition, Plaintiff avers that she tripped over the flat cart, and that this assertion is evident from watching the video. (Rec. Doc. 12, at 7). Additionally, in her deposition, Plaintiff stated that she tripped over the cart. *Id.* at 9. Finally, Plaintiff contends that Defendant's own Responses to Discovery and incident report assert that Plaintiff tripped over the flat cart. *Id.* at 10. After reviewing all of the written evidence and videos submitted by both Plaintiff and Defendant, the Court finds there is a genuine issue of material fact as to whether Plaintiff tripped over the carpet or the flat cart.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant, Kirkland's Inc.'s *Motion for Summary Judgment* **(Rec. Doc. 8)** is **DENIED**.

New Orleans, Louisiana, this 31st day of January, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE